IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**TODD BOBO, individually and on behalf of all others similarly situated,**

    **Plaintiff,**

v.

**CLOVER NETWORK, LLC,**

    **Defendant.**

Case No. 1:22-cv-22338-BB

## DEFENDANT CLOVER NETWORK, LLC'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and supported by the incorporated Memorandum of Law, Defendant Clover Network, LLC ("Clover") moves to dismiss Plaintiff Todd Bobo's ("Plaintiff") Class Action Complaint ("Compl.") (ECF No. 1).

### I. INTRODUCTION

Plaintiff's one-count Telephone Consumer Protection Act ("TCPA") class action complaint against Clover contains a fundamental flaw: Plaintiff fails to establish that he has Article III standing to bring a claim under the TCPA. The Eleventh Circuit in *Salcedo v. Hanna* held that "receiving a single text message" "is not the kind of harm that constitutes an injury in fact" under Article III. 936 F.3d 1162, 1173 (11th Cir. 2019). Indeed, courts in the Eleventh Circuit have since followed *Salcedo* finding that allegations of receiving even a handful of text messages do not give rise to the kind of harm that constitutes an injury in fact sufficient for standing to pursue a TCPA claim. The Court should therefore dismiss Plaintiff's Complaint for lack of standing.

## II.     FACTUAL ALLEGATIONS FROM PLAINTIFF'S COMPLAINT

On July 26, 2022, Plaintiff, a subscriber of the cellular telephone number ending in 3660, sued Clover Network LLC, a provider of point-of-sale systems for businesses.  (*See* Compl. ¶ 3, 19.)  Plaintiff's Complaint alleges a class action lawsuit containing a single claim under the TCPA, 47 U.S.C. § 227(c)(5).  (Compl. ¶¶ 2, 35-42.)

Plaintiff alleges that Clover "bombarded" him with telemarketing text messages to his cellular telephone number ending in 3660.  (Compl. ¶ 11.)  Despite this conclusory allegation, the Complaint only includes details of two text messages sent on May 3, 2022 at 7:30 AM (i.e., at the same time).  (*Id.*)  The two text messages state the following:

- "Use the Clover app to get your points automatically next time. Tap the link to transfer your points. https//perka.app.link/4y0nqOsaJpb"
- "You got it! Your balance is now 23 points. You need 77 more points for a $10 off any purchase. Privacy: clover.com/privacy"

(*Id.*)  Plaintiff alleges that he registered his 3660 number with the national do-not-call ("DNC") registry and that the number was registered at all times relevant to the action.  (Compl. ¶ 20.)

Plaintiff alleges that receiving these two text messages caused him harm, "including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion."  (Compl. ¶ 23.)  Plaintiff further alleges that the two text messages "inconvenience Plaintiff and caused disruption to his daily life" without any further detail.  (*Id.*)  Plaintiff seeks declaratory and injunctive relief against Clover and an award of $500.00 in statutory damages for each violation of the TCPA to Plaintiff and each member of the Class.

### III. LEGAL STANDARD

#### A. Standard on Rule 12(b)(1) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. The standing requirement exists "to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). A federal court does not have the power to hear cases where Article III standing is lacking. *See Worthy v. City of Phenix City, Ala.*, 930 F.3d 1206, 1213 (11th Cir. 2019). As the plaintiff, Bobo bears the burden of establishing standing and must allege facts clearly demonstrating that he has standing. *See Flat Creek Transportation, LLC v. Fed. Motor Carrier Safety Admin.*, 923 F.3d 1295, 1300 (11th Cir. 2019).

The Supreme Court has explained that at the pleading stage, the burden is on a plaintiff to clearly allege facts demonstrating that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338. To establish injury in fact, "a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339 (internal quotation marks omitted). A plaintiff does not satisfy "the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 341. This is because a statutory violation "may result in no harm." *Id.* at 342; *see also Raines v. Byrd*, 521 U.S. 811, 820 n. 3 (1997) ("It is settled that Congress cannot erase Article III standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.").

## IV.     ARGUMENT

### A.     Plaintiff Failed to Plead He Suffered an Injury in Fact Sufficient to Confer Standing Under *Salcedo*

The Complaint should be dismissed for lack of Article III standing because Plaintiff has failed to plead that he suffered an injury in fact.  The Eleventh Circuit held that the receipt of a single unsolicited text message on a cellular phone did not establish a concrete harm under the TCPA sufficient for Article III standing.  *Salcedo*, 936 F.3d at 1173.

In *Salcedo*, plaintiff alleged that receiving one text message to his cellular phone "caused [him] to waste his time answering or otherwise addressing the message" and while doing so, "both [he] and his cellular phone were unavailable for otherwise legitimate pursuits.  *Id.* at 1167.  Plaintiff further alleged that the single text message "resulted in an invasion of [his] privacy and right to enjoy the full utility of his cellular device."  *Id.*  The Eleventh Circuit held these allegations were legally insufficient to support the requisite injury in fact because they constituted a mere "conclusory recitation."  *Id.* at 1168 (citing *Iqbal*, 556 U.S. 662 at 678 ("we are not bound to accept as true a legal conclusion couched as a factual allegation")).

The Eleventh Circuit went on to look to history and the judgment of Congress to see whether they support treating plaintiff's allegations as a concrete injury in fact.  The Eleventh Circuit found Congress was primarily concerned with "privacy within the sanctity of the home that do not necessarily apply to text messaging" because "cell phones are often taken outside of the home and often have their ringers silenced, presenting less potential for nuisance and home intrusion."  *Id*. at 1169.  The court found nothing in the TCPA's legislative history to support the argument that a concrete harm could result from a "single unwelcome text message" or that Congress intended for this to be actionable under the statute.  *Id.* at 1170.

The Eleventh Circuit then turned to history to determine whether an alleged intangible harm had a "close relationship" with traditional theories of liability. The court looked at the torts of intrusion upon seclusion, trespass, nuisance, conversion, and trespass to chattel and found that none of these theories applied where the disturbance was "isolated, momentary, and ephemeral." *Id.* at 1171. Ultimately, the court concluded:

> In sum, we find that history and the judgment of Congress do not support finding concrete injury in Salcedo's allegations. Salcedo has not alleged anything like enjoying dinner at home with his family and having the domestic peace shattered by the ringing of the telephone. Nor has he alleged that his cell phone was searched, dispossessed, or seized for any length of time. Salcedo's allegations of a brief, inconsequential annoyance are categorically distinct from those kinds of real but intangible harms. The chirp, buzz, or blink of a cell phone receiving a single text message is more akin to walking down a busy sidewalk and having a flyer briefly waived in one's face. Annoying, perhaps, but not a basis for invoking the jurisdiction of the federal courts. All told, we conclude that Salcedo's allegations do not state a concrete harm that meets the injury-in-fact requirement of Article III.

*Id*. at 1172.

Precisely like the plaintiff in *Salcedo*, Plaintiff here has not pled facts that would demonstrate any concrete injury in fact caused by Clover's alleged violation of the TCPA. Plaintiff's allegations of injury are contained in two conclusory sentences. Plaintiff alleges that Clover's texts "caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion" as well as "inconvenienced Plaintiff and caused disruption to his daily life." (Compl. ¶ 23.) The Eleventh Circuit rejected most of these same allegations as a basis for standing in *Salcedo*, and the others are not sufficient to show that Plaintiff suffered an injury in fact. 936 F.3d at 1172.

Although Plaintiff alleges that he was "bombarded" with text messages, this Court should look past conclusory recitations "to the actual substance" of Plaintiff's allegations in the same way the Eleventh Circuit did in *Salcedo*. *Id.* at 1168. The Complaint alleges that Plaintiff

5

received – at most – two text messages, both of which arrived at the same time.[1]  Plaintiff's conclusory allegations of harm, even if taken as true, are no different than the feelings that the Eleventh Circuit said could be evoked in response to a "flyer briefly waived in one's face" and therefore is similarly not a basis to invoke this Court's jurisdiction.  *Id*. at 1172.

Moreover, as the *Salcedo* Court made clear, this standing decision is "qualitative, not quantitative."  936 F. 3d at 1173.  Thus, in following *Salcedo*, district courts throughout the Eleventh Circuit have found that allegations of receiving a small number of text messages do not constitute a concrete injury in fact.  *See, e.g.*, *Eldridge v. Pet Supermarket Inc.*, 446 F. Supp. 3d 1063, 1070 (S.D. Fla. 2020) ("Under the reasoning of *Salcedo*, Plaintiff's allegations of wasted time from opening and reading five text messages . . . does not constitute a concrete injury-in-fact."); *Fenwick v. Orthopedic Specialty Institute, PLLC*, No. 0:19-CV-62290, 2020 WL 913321, at *5 (S.D. Fla. 2020) (finding that plaintiff's allegations of "invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion" caused by receiving two text messages "closely align with the kinds of harm that the Court in *Salcedo* evaluated and ultimately found insufficient");  *Perez v. Golden Trust Ins., Inc.*, 470 F. Supp. 3d 1327, 1329 (S.D. Fla. 2020) (finding no concrete injury in fact where defendant sent "two text messages contain[ing] fifty words for the Plaintiff to read").  As Judge Williams held in *Eldridge*: "The Eleventh Circuit's rationale for finding the plaintiff's alleged loss of privacy and wasted time from receiving a single text message are not qualitatively 'the kind of harm that constitutes an injury in fact' applies equally here where Plaintiff received only one or two sporadic, short texts per month in a three-month period."  446. F. Supp. 3d 1071-72.  Plaintiff's two text messages likewise cannot confer standing.

---

[1] It is unclear from Plaintiff's pleading whether this is in fact 2 text messages, or one message in 2 parts.  For purposes of this motion, Defendant assumes, without conceding, that it is two messages.

Plaintiff has plead what was found insufficient in *Salcedo*, *Eldridge* and similar cases to establish standing. As a result, Plaintiff's Complaint should be dismissed for lack of standing.

### B. The Court Should Dismiss Plaintiff's Complaint Without Leave to Amend Because Amendment Would Be Futile

Further, Clover also requests the Court dismiss Plaintiff's TCPA claim without leave to amend. Although leave to amend is freely given when justice so requires, courts need not grant plaintiff a chance to amend when amendment would be futile. *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003). Courts have found amendment to be futile when a plaintiff cannot establish standing. *See, e.g.*, *Day v. Trump*, No. 8:20-CV-2477, 2021 WL 3269242, at *4 (M.D. Fla. July 30, 2021) ("As Plaintiff has failed to establish standing, the Court finds that amending the complaint would be futile."). As noted above, Plaintiff pleads at most only two text messages received on one instance. Plaintiff does not plead these two messages as examples of others received but rather appears to plead them as the only text messages he received. Accordingly, given that it appears from Plaintiff's Complaint that Plaintiff cannot plead facts establishing he received more than these (at most) two text messages, the Court should dismiss without leave to amend.

### V. CONCLUSION

For the above reasons, the Court should grant Defendant's Motion to Dismiss Plaintiff's Complaint with prejudice.

Dated: September 16, 2022

        Respectfully submitted,

        */s/ Andrew D. Atkins*
        Andrew D. Atkins
        Florida Bar No.: 92689
        TROUTMAN PEPPER HAMILTON SANDERS LLP
        301 S. College St., 34th
        Charlotte, NC 28202
        Telephone: (704) 998-4050
        Email: andrew.atkins@troutman.com

        Steven D. Allison (admitted Pro Hac Vice)
        Samrah R. Mahmoud (admitted Pro Hac Vice)
        TROUTMAN PEPPER HAMILTON SANDERS LLP
        5 Park Plaza, Suite 1400
        Irvine, CA 92614
        Telephone: (949) 622-2700
        Email: steven.allison@troutman.com
              samrah.mahmoud@troutman.com

        Counsel for Defendant
        CLOVER NETWORK, LLC